UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NOE RAPHAEL BENAVIDEZ,          )
                                )
        Plaintiff,               )
                                )
    v.                           )      No. 4:03-CV-668 CAS
                                )
GUARDIAN SECURITY COMPANY,      )
                                )
        Defendant.               )

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. Plaintiff, pro se, filed a motion for default judgment against the defendant and appeared at an evidentiary hearing on May 25, 2004. On September 30, 2004, the Court ordered plaintiff to file an affidavit and supporting documentation to establish: (1) whether plaintiff was disabled within the meaning of the American with Disabilities Act, 42 U.S.C. § 12101(2)(A)-(C); (2) whether plaintiff was able to perform the essential functions of the position as a security guard with Guardian Security Company with or without reasonable accommodation; (3) whether Guardian Security Company was an employer as defined under the ADA, (4) plaintiff's employment history from December 7, 2000, to June 30, 2002, including attempts to search for other employment during that time period; and (5) the amount of income plaintiff received during any employment from December 7, 2000, to June 30, 2002.

Plaintiff responded with documentation from the Department of Veterans Affairs that he was disabled and the disability was blindness through the loss of an eye. Plaintiff's response does not fully comply with the Court's order. Assuming that plaintiff is disabled with the meaning of the ADA, he has not alleged a prima facie case of discrimination in his complaint and he did not present evidence to support a prima facie claim at the evidentiary hearing held in May 2004. Specifically, plaintiff must

show that he was able to perform the essential functions of his job with or without reasonable accommodation. Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1135 (8th Cir. 1999) (en banc). Plaintiff did not show that he was able to perform the essential functions of the advertised job at Guardian Security. Moreover, even if plaintiff had alleged a prima facie case of disability discrimination and produced evidence to support this claim, plaintiff has not proved damages to any reasonable degree of certainty. Larson v. Everyday Learning Centers, 242 F.3d 815, 818 (8th Cir. 2001). Plaintiff requested compensation at $7.00 per hour for forty weeks from December 7, 2001 to June 1, 2003, but has not submitted any supporting documentation to verify that this would be an appropriate amount of compensation. Also, plaintiff did not submit any information regarding his employment history or search for other employment during the period he asks for damages, as ordered by the Court. See Order of September 30, 2004.

Prior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of its claim. 10 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 55.20[2][b] (3d ed. 2004). Based on the evidence presented, the Court is not satisfied that plaintiff is entitled to judgment. For these reasons, the Court finds that plaintiff's complaint should be dismissed without prejudice.

An appropriate order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of May, 2005.